# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ELEMENT MATERIALS TECHNOLOGY FOOD US LLC and EXOVA, INC.,** | Case No. 3:19-cv-1491-SI |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| **NIDAL KAHL and BIOGEN LABORATORY DEVELOPMENTS, LLC,** | |
| Defendants. | |

Kathryn G. Mantoan, ORRICK HERRINGTON & SUTCLIFFE LLP, 1120 NW Couch Street, Suite 200, Portland, OR 97209; Andrew Livingston, ORRICK HERRINGTON & SUTCLIFFE LLP, 405 Howard Street, The Orrick Building, San Francisco, CA 94105; and Frank N. Zalom, ORRICK HERRINGTON & SUTCLIFFE LLP, 400 Capitol Mall, Suite 3000, Sacramento, CA 95814. Of Attorneys for Plaintiffs.

Steven M. Wilker, Stephanie J. Grant, William T. Gent, and Paul W. Conable, TONKON TORP LLP, 888 SW Fifth Avenue, Suite 1600, Portland, OR 97204. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiffs Element Materials Technology Foods US LLC (Element) and Exova, Inc.

(Exova) (collectively, Plaintiffs) brought this action against Defendants Nidal Kahl (Mr. Kahl)

and Biogen Laboratory Developments, LLC (Biogen) (collectively, Defendants). Plaintiffs

asserted against Mr. Kahl claims for breach of contract, breach of the implied covenant of good

faith, fraudulent misrepresentation, and breach of the fiduciary duty of undivided loyalty. Plaintiffs asserted against Biogen one claim for intentional interference with economic relations. Mr. Kahl, in turn, asserted against Plaintiffs jointly claims for breach of contract and unpaid wages.

This action was tried before a jury from November 6, 2023 to November 17, 2023. At the close of trial proceedings, the jury deliberated and returned a verdict. The jury found Mr. Kahl liable for breach of fiduciary duty and awarded to Plaintiffs $150,000 in compensatory damages. The jury also found Biogen liable for intentional interference with economic relations and awarded to Plaintiffs $67,500 in compensatory damages. In addition, the jury found Plaintiffs liable for breach of contract and awarded to Mr. Kahl $25,000 in compensatory damages.

The parties now move to amend the Judgment entered on November 21, 2023 (ECF 191) to include prejudgment interest under Oregon Revised Statutes (ORS) § 82.010 at the rate of nine percent per annum on the parties' respective damages awards. Defendants' motion for prejudgment interest (ECF 193) is unopposed. The Court thus grants Defendants' unopposed motion and awards to Mr. Kahl prejudgment simple interest on damages awarded by the jury for Mr. Kahl's breach of contract claim against Plaintiffs. The prejudgment interest on Mr. Kahl's damages award will run at the rate of nine percent per annum from January 14, 2019, for a total prejudgment interest award of $10,923.29.

Defendants oppose Plaintiffs' motion for prejudgment interest. For the following reasons, the Court denies Plaintiffs' motion.

## A. Applicable Law

"It is well settled that prejudgment interest is a substantive aspect of a plaintiff's claim, rather than a merely procedural mechanism." *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007). Thus, state law "generally governs awards of prejudgment interest in diversity

actions." *Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*, 513 F.3d 949, 961 (9th Cir. 2008); *see also Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 714 (9th Cir. 1992) ("In diversity jurisdiction, state law governs all awards of pre-judgment interest."). The parties agree that Oregon law governs the substantive requirements for an award of prejudgment interest in this case.[1]

In Oregon, prejudgment interest generally "cannot be awarded in the absence of either a contract or statutory provision authorizing it." *Strawn v. Farmers Ins. of Or.*, 353 Or. 210, 239 (2013). As statutory authority for prejudgment interest in this case, Plaintiffs invoke ORS § 82.010(1)(a), which allows for interest on "[a]ll moneys after they become due." *See Strawn*, 353 Or. at 239 (ORS § 82.010(1)(a) provides statutory authority for an award of prejudgment interest). The rate for interest under the statue is nine percent per annum accruing as simple interest. ORS § 82.010(1)-(2).

"[T]he question whether [a] court may order prejudgment interest usually reduces to whether the amount due was readily ascertainable." *Strawn*, 353 Or. at 240. The ascertainability standard under Oregon law requires that: (1) the exact amount of prejudgment interest "is ascertainable or easily ascertainable by simple computation or by reference to generally recognized standards"; and (2) "the time from which interest should run is also easily ascertainable.'" *Patton v. Mut. of Enumclaw Ins.*, 296 Or. App. 266, 272 (2019). "In determining whether the amount of the damages and starting date of the interest are ascertainable, [courts] do

---

[1] The parties do not agree, however, as to whether Oregon law or federal law governs the pleading standards required to establish a party's entitlement to prejudgment interest. Because the Court determines that Plaintiffs fail to establish their entitlement to prejudgment interest on the ground that the date from which prejudgment interest should run is not ascertainable, the Court does not reach this issue. *See Farhang v. Kariminaser*, 230 Or. App. 554, 557, *adhered to on reconsideration*, 232 Or. App. 353 (2009) (lack of ascertainability is a dispositive issue).

not operate from the perspective of the parties during litigation but from an objective, post-judgment perspective." *Wilson v. Smurfit Newsprint Corp.*, 197 Or. App. 648, 673 (2005); *see also L.H. Morris Elec., Inc. v. Hyundai Semiconductor Am., Inc.*, 203 Or. App. 54, 78 (2005) (stating that prejudgment interest is appropriate "even though damages are not ascertainable until issues of fact have been decided" (quotation marks omitted)).

"Where a claim for prejudgment interest depends on the resolution of disputed facts, those facts are within the province of the jury to decide." *Farhang v. Kariminaser*, 230 Or. App. 554, 557, *adhered to on reconsideration*, 232 Or. App. 353 (2009); *see also JH Kelly, LLC v. Quality Plus Servs., Inc.*, 305 Or. App. 565, 590 (2020) (a trial court may award prejudgment interest "only if there were no disputed facts after the jury returned its verdict, and the court could have easily calculated the prejudgment interest based on the undisputed facts" (emphasis omitted) (quoting *Farhang*, 232 Or. App. at 356)). The party claiming prejudgment interest has the burden of proof that these requirements are satisfied. *Patton*, 296 Or. App. at 277; *see also Farhang*, 230 Or. App. at 556 (quoting and affirming trial court's opinion describing burden).

## B.  Analysis

Plaintiffs contend that, based on "conservative" calculations, prejudgment interest on the damages awarded by the jury for Plaintiffs' breach of fiduciary duty claim against Mr. Kahl and intentional interference with economic relations claim against Biogen should run from not later than September 1, 2019. Plaintiffs argue that the amounts awarded on Plaintiffs' claims "had to relate to conduct that occurred on or before December 31, 2018 (*i.e.*, Mr. Kahl's last date of employment at the Portland Food Lab)" or the eight-month period ending on August 31, 2019 for which Plaintiff's sought "head start" damages related to Biogen's accreditation. ECF 192 at 5. Therefore, according to Plaintiffs, prejudgment interest should run from a date not later than September 1, 2019. Defendants oppose Plaintiffs' entitlement to prejudgment interest.

PAGE 4 – OPINION AND ORDER

Defendants argue that the record does not provide sufficient support for the Court to identify the precise date from which prejudgment interest should begin to run or the specific amounts owing as of any particular dates.

Plaintiffs principally rely on *JH Kelly* to support claim for prejudgment interest. In *JH Kelly*, the Oregon Court of Appeals affirmed the trial court's award of prejudgment interest on a jury's lump-sum damages award that encompassed multiple types of claimed damages. 305 Or. App. at 590. Although the three categories of claimed damages for which prejudgment interest was sought were each ascertainable on different dates, the trial court awarded prejudgment interest to run from the latest of the ascertainable dates, June 15, 2016. *Id.* at 587. The Court of Appeals upheld the trial court's ruling:

> [W]e conclude that the trial court did not err in determining that parts of the award were "readily ascertainable" for purposes of awarding prejudgment interest. Once the jury determined Georg Fischer's liability, its degree of fault, *and the amount of damages in a way that clearly corresponded with amounts owing at dates certain*, the trial court was in a position to determine prejudgment interest by simple computation.

*Id.* at 590 (emphasis added) (cleaned up). Plaintiffs argue that the circumstances under consideration here are factually similar to those in *JH Kelly* and urges the Court to adopt a "no later than date" of September 1, 2019 for the prejudgment interest to run on the jury's damages award.

There are, however, important factual dissimilarities between the circumstances under consideration here and those under consideration in *JH Kelly.* In *JH Kelly*, each category of damages that made up the jury's lump-sum award was ascertainable by a precise date. *See* 305 Or. App. at 587 (awarding prejudgment interest when the party asserted that "even though the verdict reflects a lump sum, it was apparent from the amount that the jury had awarded (1) $450,000 that Quality Plus paid in settlement to JH Kelly on March 16, 2016; (2) $822,553.10

that was part of the amount withheld by Hoffman Mechanical as of December 18, 2014, and finally negotiated by QPS and Hoffman Mechanical by January 2016; (3) $382,544.34 in Quality Plus's own expenses, incurred by June 15, 2016; and (4) $369,618 in lost profits, since each of those amounts was broken out on a trial exhibit and totaled exactly $2,024,715.44").

Here, in contrast to the specifically identifiable conduct underlying the lump-sum award in *JH Kelly*, Plaintiffs offered at trial evidence of temporally diverse conduct that may (or may not) have formed the basis for the jury's damages awards. For example, in support of Plaintiffs' claim of breach of fiduciary duty against Mr. Kahl, Plaintiffs presented evidence of Mr. Kahl's conduct that included: operating Biogen in competition with the Portland Food Lab, authorizing discounted rates for Biogen's testing performed by Portland Food Lab, hiring former Element employee Kaitlyn McLoed, failing to cooperate with Exova's business development manager, and failing to retain Walt's Meats as a customer for the Portland Food Lab, among a panoply of other conduct. Similarly, in support of Plaintiffs' claim for intentional interference with economic relations against Biogen, Plaintiffs offered evidence of relating to Biogen's "head start" accreditation process and Biogen's rerouting of the tests performed for Walt's Meats from Portland Food Lab to Biogen, among other conduct. The verdict form asked the jury to decide whether Mr. Kahl and Biogen were liable to Plaintiffs on the claims asserted against them, and if so, the damages amount that should be awarded to Plaintiffs for those claims. The verdict form did not ask the jury to specify what conduct formed the basis for its finding of liability on those claims, nor did it ask the jury to explain how they reached their damages calculation. The jury was not asked to decide Plaintiffs' entitlement to prejudgment interest, nor was it asked to make any factual findings on that issue.

Neither the verdict form nor the trial record provides an adequate basis to determine that September 1, 2019 is the proper date from which prejudgment interest should run. Several possible permutations of temporally diverse conduct may have formed the basis for the jury's damages awards. For instance, the jury may have awarded no head start damages against Biogen and instead based its damages calculations on other, earlier conduct. The same reasoning is just as applicable to the jury's award for Mr. Kahl's breach of fiduciary duty, which may have been based on conduct occuring from 2017 onward. Unlike the party claiming prejudgment interest in *JH Kelly*, Plaintiffs cannot point to any evidence of specific conduct that exactly corresponds to the jury's damages awards. Although September 1, 2019 is a rational end-point in which all Plaintiff's damages had to have been ascertainable "no later than," the Court is not persuaded that it is empowered under Oregon law to apply an equitable construct to its prejudgment interest determination in the absence of clear findings from the jury. *See Spaid v. 4-R Equip., LLC*, 252 Or. App. 228, 243 (2012) ("It is tempting to acknowledge that . . . there must be an irreducible amount of prejudgment interest that the evidence in this case would require, and to remand to the trial court to calculate and impose that amount. . . . [I]n this case, the jury—not the trial judge— was required to determine the pertinent disputed facts to arrive at the proper calculation.").

The circumstances under consideration here are more analogous to *Farhang* than to *JH Kelley*. In *Farhang*, the Court of Appeals affirmed the trial court's refusal to award of prejudgment interest when there was an unresolved factual dispute about the date of the defendant's final payment under the loan at issue. 230 Or. App. at 557-58. There was conflicting evidence at trial as to whether the defendant's final payment under the loan had occurred in November 2004, December 2004, or January 2005. Because the evidence presented to the Court of Appeals did not clearly demonstrate that the last payment was made in January 2005, and "in

the absence of a jury determination of the factual issue in question," the court upheld the trial court's refusal to award prejudgment interest running from January 14, 2005, the latest possible ascertainable date. *Id.* at 558.

Plaintiffs argue that the circumstances of *Farhang* are dissimilar because "in that case, the last possible *date itself was in dispute* on appeal, and the appellate court did not have access to the record evidence needed to determine if the defendant had (as the plaintiff claimed) essentially conceded a 'not later than' date at trial." ECF 195 at 5. Plaintiffs contend that here, in contrast, it is undisputed that the last possible date is September 1, 2019. The Court does not agree with this characterization of the issues in *Farhang*, and more importantly, fails to see the effect of this purported distinction. In both *Farhang* and in this case, there was a dispute about the date of the conduct forming the basis for the jury's damages award that was neither addressed by the jury's verdict nor resolved by the evidence before the court. In both cases, the party claiming entitlement to prejudgment interest picked the latest of the possible dates as the date from which prejudgment interest should run. The Court is not persuaded that the circumstances here are so different from those under consideration in *Farhang* that it would be inappropriate to apply that appellate court's guidance here.

In sum, Plaintiffs have not carried their burden to establish that September 1, 2019 is the proper, easily ascertainable date from which prejudgment interest should run on the jury's damages awarded to Plaintiffs. Because the Court declines to award prejudgment interest on the ground that the ascertainability standard has not been satisfied, the Court does not reach Defendants' alternative argument that Plaintiffs failed sufficiently to plead their entitlement to prejudgment interest.

**C.  Conclusion**

For the reasons stated, the Court DENIES Plaintiffs' Motion to Amend Judgment to Include Prejudgment Interest on Damages Awarded to Plaintiffs (ECF 192). The Court GRANTS Defendants' Unopposed Motion to Amend Judgment to Include Prejudgment Interest on Damages Awarded to Defendants (ECF 193). The prejudgment interest on Mr. Kahl's damages award will run at the rate of nine percent per annum from January 14, 2019, for a total prejudgment interest award of $10,923.29. The Court will enter an amended judgment consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 25th day of January, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge